IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BEVERLY BAILEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| UNITED OF OMAHA LIFE | § | |
| INSURANCE COMPANY., | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

COMES NOW, Plaintiff, Beverly Bailey, and makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an employee benefits plan under ERISA, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

## JURISDICTION AND VENUE

1. This Court's jurisdiction over the Plaintiff's claim for long term disability benefits is invoked under federal question jurisdiction pursuant to 28 U.S.C. § 1331 and under the express jurisdiction found in the ERISA statute under 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject long-term disability plan constitutes a "plan under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Western District of Tennessee pursuant to 29 U.S.C. § 1132(e)(2), as a place where the alleged breach took place.

## PARTIES

4. Plaintiff, Beverly Bailey, (hereinafter "Plaintiff"), is currently a resident of Shelby County, Tennessee.

5. Plaintiff alleges upon information and belief that Defendant United of Omaha Life Insurance Company (hereinafter "United of Omaha"), is the party obligated to pay benefits under group insurance policy number GLTD-585I, issued to Donati Law Firm, LLP.

6. United of Omaha is an insurance company authorized to transact the business of insurance in this state, and may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

## FACTS

7. Plaintiff was employed Donati Law Firm, LLP, as a legal assistant.

8. Donati Law Firm, LLP, provided its employees with group long term disability insurance coverage

9. That long term disability insurance coverage was provided via Group Insurance Policy No. GLTD-585I, issued by United of Omaha.

10. Donati Law Firm's provision of group disability insurance coverage to its employees constitutes an ERISA welfare benefit plan (hereinafter, "the Plan").

11. Plaintiff is a participant or beneficiary of the Plan and is covered by the Policy that provide benefits under the Plan.

12. Plaintiff ceased work due to a disability, November 4, 2009, while covered under the

Plan.

13. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan.

14. Plaintiff timely filed an application for benefits under the long term disability plan.

15. United of Omaha did pay short term disability ("STD") benefits to Plaintiff.

16. United of Omaha denied Plaintiff's claim for LTD benefits by a letter dated July 7, 2010, finding that since February 10, 2010 she had been capable of full time work at a light exertional level.

17. Plaintiff, then acting *pro se*, timely appealed this denial.  Plaintiff provided updated medical records, including the records of a lumbar fusion surgery, and an assessment form from her treating surgeon imposing specific physical limitations and not allowing for full time work at any exertional level.

18. United of Omaha denied Plaintiff's appeal by letter dated October 15, 2010.

19. The April 26, 2010, denial letter stated that "you have exhausted all administrative rights to appeal."

20. Plaintiff has exhausted her administrative remedies under the Plan.

21. The entity that made the decision to deny benefits would pay any benefits due out of its own funds.

22. The entity that made the decision to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

23. The entity that made the decision to deny benefits allowed its concern over its own funds to influence its decision-making.

### FIRST CAUSE OF ACTION
### FOR PLAN BENEFITS AGAINST THE DEFENDANT
### PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)

3

PLAINTIFF incorporates the allegations contained in paragraphs 1 through 23 as if fully stated herein and says further that:

24. Under the terms of the policy, Defendant agreed to provide Plaintiff with long-term disability benefits in the event that Plaintiff became disabled as defined by the Plan.

25. Plaintiff is disabled under the terms of the Plan.

26. Defendant failed to provide benefits due under the terms of the Plan, and this denial of benefits to Plaintiff constitutes a breach of the Plan.

27. The decisions to deny benefits were wrong under the terms of the Plan.

28. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

29. The decisions to deny benefits were not supported by substantial evidence in the record.

30. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the Plan.

31. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

### **PRAYER FOR RELIEF**

WHEREFORE. Plaintiff requests that this Court grant his the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which she was

entitled through date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

      3.      Prejudgment and postjudgment interest;

      4.      An Order requiring the Defendants or appropriate Plan fiduciary to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan;

      5.      Plaintiff's reasonable attorney fees and costs; and

      6.      Such other relief as this court deems just and proper.

Dated this 4th day of May, 2011.

                              Respectfully submitted,

                              ERIC BUCHANAN & ASSOCIATES, PLLC
                              ATTORNEYS FOR PLAINTIFF

                BY:    *s/R. Scott Wilson*
                              Eric L. Buchanan (#018568)
                              R. Scott Wilson (#019661)
                              Jeremy L. Bordelon (#028181)
                              414 McCallie Avenue
                              Chattanooga  TN  37402
                              (423) 634-2506
                              FAX:  (423) 634-2505